Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Erin Marie Schmidt,
for the United States Trustee
Erin.Schmidt2@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **THUNDER SUN INC.,** | § | **Case No.    25-50338-bwo11** |
| | § | |
| ***Debtor.*** | § | **Expedited hearing sought** |
| | § | |
| | § | |
| | § | |

**United States Trustee's Emergency Motion to Dismiss under 11 U.S.C. § 1112(b) with
Prejudice to Refiling for 180 Days**

TO THE HONORABLE BRAD W. ODELL, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**United States Trustee**"),

files this Emergency Motion to Dismiss under 11 U.S.C. § 1112(b) with Prejudice to Refiling for

180 Days (the "**Motion**").  In support, the United States Trustee would show:

**SUMMARY**

Thunder Sun Inc. (the "**Debtor**") owns several mobile home parks and other rental

properties that are in various states of disrepair.  In October 2025, the Debtor had previously filed

a chapter 11 bankruptcy, case no. 25-50280-BWO-11 (the "**First Case**"), that the Court dismissed

for cause, including failure to maintain insurance.  While the Court dismissed the First Case

without prejudice, it cautioned the Debtor not to file again without insurance. As of the filing of

this Motion, the Debtor has provided proof of adequate property and liability insurance for only

five of its forty-eight properties.  While the Debtor has forwarded insurance-related documents,

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**          **Page 1**

these do not meet the standards set forth in the United States Trustee's Guidelines for Debtors-in-Possession.  In addition, the United States Trustee has information and belief that the Debtor has not addressed the utility and sanitation issues at the mobile home park located at 302 E. Purdue, Lubbock, Texas (the "**Perdue Property**").

The Court should dismiss this serial Debtor with prejudice to refiling for 180 days for both lack of insurance and for filing this case in bad faith. The United States Trustee further requests that the Court retain jurisdiction over Debtor's counsel's fees.

## **JURISDICTION**

1.      The bankruptcy court has jurisdiction to determine this matter under 28 U.S.C. §§ 157(a) and 1334 and the order of reference of the United States District Court for the Northern District of Texas.

2.      A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## **FACTS**

### *The First Case*

3.      On October 7, 2025, the Debtor filed the First Case. [First Case ECF No. 1].

4.      The Debtor averred on Schedule A/B that, as of the October 7, 2025, filing date, that it owned 69 mobile home parks and other rental properties with a combined value of $18,719,437.00. [First Case ECF 40].

5.      During the First Case, the Perdue Property did not have functioning utilities (e.g., water, sewage, functioning toilets, running water).

6.      The Debtor's President, Austin Randall Hughes, ("**Mr. Hughes**"), signed the First Case petition.

7.      After multiple requests for proof of insurance, the United States Trustee filed her motion to dismiss the First Case (First Case ECF No. 22) on October 14, 2025 ("First Dismissal Motion").

8.      Several parties in interest filed joinders to the First Dismissal Motion.

9.      One of the joinders was filed by Maria Tucker ("**Ms. Tucker**"), who lives in a mobile home at the Perdue Property and was represented by Eric Liepins ("**Mr. Liepins**").  (First Case ECF No. 29).

10.    Ms. Tucker alleged the following in her joinder:

i.      The electricity, water, sewer, and trash utilities for the Perdue Property were in the Debtor's name;

ii.     Ms. Tucker had been forced to seek a TRO to stop the electric company from cutting off power;

iii.    The City of Lubbock had shut off the water to the Perdue Property because of "dangerous and hazardous sewage leaks at the park;"

iv.     Ms. Tucker did not currently have water or sewage at her residence; and that

v.      The Debtor had a history of not paying utility bills for the Perdue Property, leading to service interruptions that caused Ms. Tucker to incur extra expenses for putting up herself and her son at hotels.

(First Case ECF 29).

11.    On October 21, 2025, the Court held a lengthy evidentiary hearing on the First Dismissal Motion  and took the matter under advisement.

12.    On October 23, 2025, the Court issued an oral ruling dismissing this case without prejudice,but cautioned the Debtor not to refile without insurance.

13.    On October 27, 2025, the Court dismissed the First Case. [First Case ECF No. 58].

### *The Present Case*

14.     On December 2, 2025, the Debtor filed a voluntary Chapter 11 petition initiating the present chapter 11 case (the "**Present Case**").  [Present Case ECF No. 1].

15.     Mr. Hughes signed the Present Case petition.

16.     Based on the representations of Debtor's counsel, the Debtor appears to own approximately forty-eight properties as of the Petition Date.

17.     Also on December 2, 2025, the United States Trustee emailed Debtor's counsel and requested proof of insurance, noting that the First Case had been dismissed on the United States Trustee's motion for lack of insurance and that the Court cautioned the Debtor not to refile without insurance.

18.     Debtor's counsel has forwarded various insurance-related documents to the United States Trustee.

19.     After reviewing these documents, the United States Trustee has determined that only five properties are adequately insured:

    a.   1808 18th Street, Lubbock, TX 79401;

    b.   2101 39th Street, Lubbock, TX 79412;

    c.   2210 24th Street, Lubbock, TX 79411;

    d.   3901 Uvalde Avenue, Lubbock, TX 79412; and

    e.   10012 Weatherford Avenue, Lubbock, TX 79423;

20.     With respect to most – but not all – of the other properties, the Debtor forwarded either:

    a.   certificates of insurance indicating only property coverage listing "AUSTIN HUGHES VANESSA HUGHES" as the named insured; or

    b.   applications for insurance coverage with the incorrect named insured listed.

---

21.     A list of the properties with the status of insurance policies is attached as Exhibit A.

22.     On December 4, 2025, Mr. Liepins represented to the United States Trustee that Ms. Tucker had been informed that Reliant Energy intends to shut off the electricity at the Perdue Property on Monday, December 8, 2025.

23.     Mr. Liepins also informed the United States Trustee that the Perdue Property has neither water nor trash pickup.

24.     Debtor's counsel has represented to the United States Trustee that the Perdue Property was foreclosed upon prior to the filing of the Present Case.

25.     However, the Debtor is still listed as the Purdue Property's owner of record per the Lubbock County Appraisal District website.

26.     The Debtor has not filed any motions seeking relief under 11 U.S.C. § 366 to date.

## ARGUMENT

### A.    *General discussion of burdens when dismissal or conversion is sought:*

27.     Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .." 11 U.S.C. § 1112(b)(1).

28.     Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010).  If cause is established, the burden shifts to the debtor to prove that he or she falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

**B.    *Cause exists to dismiss this case because Debtor has failed to cooperate with the United States Trustee***

29.    Cause exists for dismissal when a debtor fails to file required documents, fails to maintain appropriate insurance that poses a risk to the estate, or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(C), (F), (H).

30.    Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

31.    The United States Trustee's *Guidelines for Chapter 11 Cases* require debtors to file monthly operating reports; pay quarterly fees to the United States Trustees; and provide various documents to the United States Trustee, including proof of insurance coverage and copies of the two most recently filed tax returns. *See* U.S. Dep't of Just., Guidelines for Chapter 11 Cases: Operating    Instructions    and    Reporting    Requirements    (the    "**Guidelines**"), https://www.justice.gov/usdoj-media/ust/media/1337916/dl?inline (Feb. 8, 2024) at §§ VI, VII, XII.

**a.  Failure to maintain adequate insurance**

32.    Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C).   The Supreme Court has held that the estate may be liable for any damages resulting from negligence.   *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968).   While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act.  *See,*

*e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998) (bankruptcy estate liable for costs state incurred when trustee did not plug wells).

33.      As of the time of this filing, Debtor has failed to provide sufficient proof of the Debtor's property, general liability and casualty insurance policies. The First Case was dismissed for cause, including for lack of insurance and the Court cautioned the Debtor not to refile without insurance.

34.      The Guidelines require debtors to "maintain and provide the United States Trustee with sufficient proof of adequate insurance that protects both the assets of the estate and the public during the pendency of the case." Guidelines at § VII. "What is deemed adequate will depend upon the facts and circumstances of each case, but typically at least property insurance for all tangible assets . . . and general liability insurance will be required. *Id.*

35.      Cause exists to dismiss this case because Debtor has failed to provide the United States Trustee with adequate proof of insurance for the properties.  While the Debtor has provided some certificates of insurance, these appear to cover only property-related damage, and not liability.  In addition, these certificates do not list the Debtor as the named insured.  Other documents appear to be payment authorizations only.

36.      Given the Court's exhortations during its oral ruling dismissing the Prior Case, the Debtor should have been prepared to immediately provide the United States Trustee proof of adequate property and liability insurance in accordance with the Guidelines.  Such proof should include not only certificates of insurance, but also the accompanying declaration pages with the Debtor listed as a named insured.  Instead, the Debtor has been providing the United States Trustee with piecemeal information that does not appear to comply with the Guidelines.

**b.      Bad faith.**

37.     A lack of good faith in filing a Chapter 11 case may constitute cause for dismissal of the case under 11 U.S.C. §1112(b)(1). *See Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814, 816 (5th Cir. 1991).  The Fifth Circuit observed that the Bankruptcy Code is "endowed with requirements of good faith in the construction of many of its provisions," and "[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *Little Creek Development Co. v. Commonwealth Mortgage Co. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071-72 (5th Cir. 1986).  Determining whether a petition is filed in good faith is based on the court's "evaluation of the debtor's financial condition, motives, and the local financial realities." *Id.* at 1073.

38.     The Debtor has demonstrated bad faith in the filing of this Present Case.   The Court admonished the Debtor at the October 23, 2025, oral ruling on the United States Trustee's First Dismissal Motion that the Debtor should not file for bankruptcy again without insurance coverage. While the Debtor has presented the United States Trustee with various insurance-related documents, a review of these show adequate proof of liability and property insurance with the Debtor listed as a named insured for only five properties.  The other documents are either a) certificates of insurance indicating only property coverage or b) applications for insurance. Without actual insurance binders or declaration pages, the nature, extent and validity of insurance in effect cannot be ascertained.  Nor is the Debtor the named insured on either these certificates or applications.  Given the Court's prior exhortations, the Debtor should have been prepared as of the Petition Date to provide the United States Trustee with adequate proof of both property and liability insurance with the Debtor as the named insured.

39.     The Debtor's lack of good faith may also be inferred from the fact that the Debtor filed the Present Case less than two months after the First Case's dismissal.  To justify the sequential filing

of the second case, the Debtor should demonstrate sufficiently changed circumstances. *In re Elmwood Development Co.,* 964 F.2d 508, 512 (5th Cir. 1992). The Debtor has provided sufficient proof of insurance for only five properties.

40.    In addition, the Debtor still has not addressed health and safety concerns at its properties, including the Perdue Property.  Ms. Tucker reports that she has neither water nor trash service, and that the electric power is due to be cut off by December 8, 2025.  The Debtor's failure to address these life and safety concerns raises additional questions about the Debtor's good faith in filing this Present Case. While the Debtor has represented to the United States Trustee that the Perdue Property has been foreclosed upon, the Debtor is still listed as the owner on the Lubbock County Appraisal District website.

41.    Given the Debtor's lack of good faith in filing the Present Case, cause exists to dismiss with prejudice to refiling for at least 180 days.  11 U.S.C. § 349(a).

**c.    The Court should retain jurisdiction over Debtor's counsel's fees**

42.    A bankruptcy court may retain jurisdiction to consider the disgorgement of attorney fees following dismissal of the underlying case. *In re Lang,* 642 B.R. 76, 83 (Bankr. M.D. Fla. 2022), citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395-96 (1990).  Should it decide to dismiss this case, the Court should retain jurisdiction over Debtor's counsel's fees.

## <u>CONCLUSION</u>

The United States Trustee respectfully requests that the Court enter an order dismissing the Debtor's case with prejudice to refiling for 180 days.  The United States Trustee further respectfully requests that the Court retain jurisdiction over Debtor's counsel's fees following dismissal. The United States Trustee also requests any other relief to which she may be entitled.

Dated: December 5, 2025

Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt
Texas State Bar No. 24033042
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1075
Erin.Schmidt2@usdoj.gov

---

## CERTIFICATE OF SERVICE

     I certify that on December 5, 2025, that a copy of the forgoing document was sent via ECF to the parties listed below, and on December 8, 2025, via first class U.S. Mail, postage prepaid, to the parties on the attached service list.

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt

**John C. Sims**
Law Office of John C. Sims
P.O. Box 10236
Lubbock, TX 79408
806-763-9555
806-763-5804 (fax)
johnsimslaw@yahoo.com

**John F. Massouh**
Sprouse Shrader Smith, P.C.
701 S. Taylor, Suite 500
Box 15008
Amarillo, TX 79101
john.massouh@sprouselaw.com

**Michael Steven Uryasz**
Greak & Uryasz, P.C.
8008 Slide Road
Ste. 30
Lubbock, TX 79424
michael@gublaw.com

**Eric A. Liepins**
Legal Aid of Northwest Texas
1515 Main Street
Dallas, TX 75201
liepinse@lanwt.org

**Kimberly Ross Clayson**
Taft Stettinius & Hollister LLP
27777 Franklin Rd. Suite 2500
Southfield, MI 48034
kclayson@taftlaw.com

**Tara T. LeDay**
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701
Tara.LeDay@huschblackwell.com

**John C. Sims**
Law Office of John C. Sims
P.O. Box 10236
Lubbock, TX 79408
johnsimslaw@yahoo.com

**Julie Anne Parsons**
McCreary Veselka Bragg & Allen PC
PO Box 1269
Round Rock, TX 78680
jparsons@mvbalaw.com

**Alysia Cordova**
Perdue Brandon Law Firm
6900 I-40 West
PO BOX 9132
79105, Ste 300
Amarillo, TX 79105
amabkr@pbfcm.com

**John C. Sims**
Law Office of John C. Sims
P.O. Box 10236
Lubbock, TX 79408
johnsimslaw@yahoo.com

**Michael Andrew Stewart**
Mullin Hoard & Brown, L.L.P.
1500 Broadway, Suite 700
Lubbock, TX 79401
astewart@mhba.com